| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93  Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-2024-902240.00<br>Date of Filing: 07/24/2024 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**NANNIE M DAVIS v. BUC-EE'S**

First Plaintiff:  ☐ Business  ☑ Individual        First Defendant:  ☑ Business  ☐ Individual
                  ☐ Government  ☐ Other                              ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER
             R ☐ REMANDED              T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ YES  ☑ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☐ MONETARY AWARD REQUESTED   ☑ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** MCK056           7/24/2024 3:16:30 PM             /s/ RALPH ANDREW MCKINNEY
                                    Date                             Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES  ☐ NO

ELECTRONICALLY FILED
7/24/2024 3:16 PM
01-CV-2024-902240.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

FILED
2024 Aug-26 AM 08:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

DOCUMENT 2
Case 2:24-cv-01162-NAD   Document 1-1   Filed 08/23/24   Page 2 of 19

ELECTRONICALLY FILED
7/24/2024 3:16 PM
01-CV-2024-902909.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **NANIE DAVIS, an individual,** | ) |
| | ) |
| **Plaintiff,** | )    CV- |
| **v.** | ) |
| | ) |
| **BUC-EE'S., a corporation;** | ) |
| | ) |
| **FICTITIOUS DEFENDANTS** | ) |
| **A THROUGH Z, as described herein,** | ) |

**Fictitious Defendants A through B are those entities and/or persons who or which committed any wrongful act, whether said act is a violation of Alabama common or statutory law. Fictitious Defendants C through D are those entities and/or persons who or which are jointly and/or severally liable to the Plaintiff. Fictitious Defendants E through F are those entities and/or persons who or which breached any duty owed to the Plaintiff. Fictitious Defendants G through H are those entities and/or persons who committed any negligent, reckless, wanton, and/or intentional act that directly or indirectly caused harm to the plaintiff. Fictitious Defendants I through J are those entities and/or persons who are predecessors and/or successors in interest to BUC-EE'S. Fictitious Defendants K through L are those entities and/or persons who designed and/or constructed and/or played any role in the construction, design and/or alteration of the building in which the Plaintiff was injured. Fictitious Defendants M through N are those entities and/or persons whose inactions and/or actions caused any harm to the Plaintiff, whether direct or indirect. Fictitious Defendants O through P are those entities and/or persons who or which violated any standard building code, any fire protection code, any life safety code, and/or any other code which could be applicable to the building which is the subject of this lawsuit. Fictitious Defendants Q through R are those entities and/or persons who or which negligently and/or wantonly supervised any agents, servants, and/or employees where such supervision was directly or indirectly related to the plaintiff's injury. Fictitious Defendants S through T are those persons and/or entities who or which were responsible for the management and/or maintenance of the Buc-ee's, located at 6900 Buc-ee's Boulevard, Leeds, AL 35094, on or about March 1, 2023. Fictitious Defendants U through V are those persons and/or entities whose actions or inactions caused the dangerous conditions at Buc-ee's, located at 6900 Buc-ee's Boulevard, Leeds, AL 35094, on or about March 1, 2023, which injured the Plaintiff. Fictitious Defendants W through Z are those persons and/or entities that owned the premises where the injury which is the basis of this suit occurred. The identities of these fictitious parties are unknown at this time but will be substituted by amendment when ascertained.**

| | |
|---|---|
| | ) |
| **Defendants.** | ) |

## COMPLAINT

**COMES NOW**, the Plaintiff, **Nannie Davis**, and alleges against the Defendants, **Buc-ee's, Ltd;** A; B; C; D; E; F; G; H; I; J; K; L; M; N; O; P; Q; R; S; T; U; V; W; X; Y; and Z, jointly and severally as follows:

## PARITES, JURISDICTION AND VENUE

1. Plaintiff, **Nannie Davis**, an individual, is a resident citizen of Birmingham, Jefferson County, Alabama and is over the age of nineteen (19).

2. Based on information and belief, Defendant, **BUC-EE'S, LTD** is a foreign corporation doing business in Jefferson County, Alabama.

3. Fictitious Defendants A through B are those entities and/or persons who or which committed any wrongful act, whether said act is a violation of Alabama common or statutory law.

4. Fictitious Defendants C through D are those entities and/or persons who or which are jointly and/or severally liable to the Plaintiff.

5. Fictitious Defendants E through F are those entities and/or persons who or which breached any duty owed to the Plaintiff.

6. Fictitious Defendants G through H are those entities and/or persons who committed any negligent, reckless, wanton, and/or intentional act that directly or indirectly caused harm to the Plaintiff.

7. Fictitious Defendants I through J are those entities and/or persons who are predecessors and/or successors in interest to **BUC-EE'S, LTD.**

8. Fictitious Defendants K through L are those entities and/or persons who designed and/or constructed and/or played any role in the construction, design, and/or alteration of the building in which the Plaintiff was injured.

9. Fictitious Defendants M through N are those entities and/or persons whose inactions and/or actions caused any harm to the Plaintiff, whether direct or indirect.

10. Fictitious Defendants O through P are those entities and/or persons who or which violated any standard building code, any fire protection code, any life safety code, and/or any other code which could be applicable to the building which is the subject of this lawsuit.

11. Fictitious Defendants Q through R are those entities and/or persons who or which negligently and/or wantonly supervised any agents, servants, and/or employees where such supervision was directly or indirectly related to Plaintiff's injury.

12. Fictitious Defendants S through T are those persons and/or entities who or which were responsible for the management and/or maintenance of the **Buc-ee's, located at 6900 Buc-ee's Boulevard, Leeds, AL 35094** on or about March 1, 2023.

13. Fictitious Defendants U through V are those persons and/or entities whose actions or inactions caused the dangerous conditions at the **Buc-ee's, located at 6900 Buc-ee's Boulevard, Leeds, AL 35094** on or about March 1, 2023, which injured the Plaintiff.

14. Fictitious Defendants W through Z are those persons and/or entities are those persons and/or entities that owned the premises where the injury, which is the basis of this suit, occurred.

15. The identities of these fictitious parties are unknown at this time but will be substituted by amendment when ascertained.

3

16. This is an action for damages in excess of the jurisdictional minimum required by this Court.

17. The events made basis in this Complaint occurred in Jefferson County, Alabama.

## FACTUAL ALLEGATIONS

18. The Plaintiff re-alleges all prior paragraphs of the Complaint as if set out fully herein.

19. On or about March 1, 2023, and for a period of time prior thereto, the Defendant operated a retail business known as Buc-ee's, LTD (hereinafter "Buc-ee's") in Jefferson County, Alabama

20. On or about March 1, 2023, the Plaintiff was a business invitee at said Buc-ee's.

21. On or about March 1, 2023, the Plaintiff had been inside the Buc-ee's store.

22. On or about March 1, 2023, the Plaintiff completed her browsing and shopping at the Buc-ee's store, checked out, and preceded to exit the store.

23. On or about March 1, 2023, the Plaintiff, a 62 year old female (DOB: 8/9/1952), was caused to trip in a sunken area of the floor containing water at the entrance/exit of the Buc-ee's store, causing her to fall and sustain severe injuries.

24. On or about March 1, 2023, the Defendants allowed or created a dangerous condition, which caused the Plaintiff's injuries.

25. On or about March 1, 2023, the Defendants failed to rectify said dangerous condition and/or give adequate warning of said dangerous condition.

4

**COUNT ONE: NEGLIGENCE**

26. The Plaintiff re-alleges all prior paragraphs of the Complaint as if set out fully herein.

27. At all times material to the Complaint herein, the Defendant had a duty to inspect its premises for dangerous conditions and to rectify any dangerous conditions or give adequate warning thereof. Defendant breached this duty.

28. At all times material to the Complaint herein, the Plaintiff avers that it was the duty of the Defendant to inspect, keep and maintain its premises in a safe condition for the protection of the Plaintiff and other persons who were lawful business invitees upon said premises. The Defendants breached this duty.

29. At all times material to the Complaint herein, the Defendant knew or should have known of this dangerous condition and knew or should have known that this dangerous condition would occur, and cause injuries had Defendant's exercised due care in inspecting its premises for dangerous conditions.

30. The Defendants, including but not limited to the above-described fictitious Defendants, negligently failed to properly maintain the store premises in a safe condition; failed to inspect, alter, or remove the dangerous condition; failed to have adequate policies and procedures to address any known dangers, including, but not limited to, the dangers of varying floor heights and wet surfaces at the entrance/exit of the store, causing the Plaintiff severe injuries. These conditions created by the Defendants were known or reasonably should have been known to the Defendants.

31. As a proximate result of the negligence of the Defendants, as aforesaid, the Plaintiff, was made sick, sore and lame; she was bruised and contused over various portions of

her body; she was caused to incur medical expenses for the treatment of her injuries and will be caused to incur additional medical expenses in the future; she was caused to suffer severe physical pain and mental anguish, still so suffers and will so suffer in the future; she was permanently injured.

32. All the above damages were directly and proximately caused by the aforementioned negligence of the Defendant and were incurred without contributory negligence or assumption of the risk on the part of the Plaintiff. Plaintiff also did not have the opportunity to avoid this incident.

WHEREFORE, Plaintiff demands judgment against the Defendants, separately and severally, for compensatory damages, in excess of the jurisdictional requirements of this Court, plus interest and costs.

## COUNT TWO: WANTONNESS

33. The Plaintiff re-alleges all prior paragraphs of the Complaint as if set out fully herein.

34. At all times material to the Complaint herein, the Defendants had a duty to inspect its premises for dangerous conditions and to rectify any dangerous conditions or give adequate warning thereof. Defendants breached this duty.

35. At all times material to the Complaint herein, the Plaintiff avers that it was the duty of the Defendants to inspect, keep and maintain its premises in a safe condition for the protection of the Plaintiff and other persons who were lawful business invitees upon said premises. The Defendants breached this duty.

36. At all times material to the Complaint herein, the Defendants knew or should have known of this dangerous condition and knew or should have known that this dangerous

condition would occur and cause injuries had Defendant's exercised due care in inspecting its premises for dangerous conditions.

37. The Defendants, including but not limited to the above-described fictitious Defendants, wantonly failed to properly maintain the store premises in a safe condition; failed to inspect, alter, or remove the dangerous condition; failed to have adequate policies and procedures to address any known dangers, including, but not limited to, the dangers of varying floor heights and wet surfaces at the entrance/exit of the store, causing the Plaintiff severe injuries. These conditions created by the Defendants were known or reasonably should have been known to the Defendants.

38. As a proximate result of the above-described combined and concurring wantonness of Defendants, the Plaintiff was made sick, sore and lame; she was bruised and contused over various portions of her body; she was caused to incur medical expenses for the treatment of her injuries and will be caused to incur additional medical expenses in the future; she was caused to suffer severe physical pain and mental anguish, still so suffers and will so suffer in the future; she was permanently injured.

39. All the above damages were directly and proximately caused by the wantonness of the Defendant and were incurred without contributory negligence or assumption of the risk on the part of the Plaintiff. Plaintiff also did not have the opportunity to avoid this incident.

WHEREFORE, Plaintiff demands judgment against the Defendants, separately and severally, for compensatory damages and punitive damages, in excess of the jurisdictional requirements of this Court, plus interest and costs.

## COUNT THREE: NEGLIGENT AND/OR WANTON
## HIRING, TRAINING, RETAINING AND SUPERVISING

41. The Plaintiff re-alleges all prior paragraphs of the Complaint as if set out fully herein.

42. Plaintiff alleges it was the duty of the Defendant to use due care and reasonable standards in hiring, training, retaining and supervising its employees.

43. The Defendants, Buc-ee's, breached those duties by negligently and/or wantonly failing to properly screen potential employees before hiring; by failing to adequately train its employees on appropriate safety procedures and protocol; by retaining substandard employees, improperly screened employees and improperly trained employees; by failing to have adequate policies and procedures for supervising employees; and by failing to properly supervise its employees so that employees would conduct their activities in a reasonably safe manner, not to cause an unreasonable risk of harm to others, including the Plaintiff.

44. As a proximate result of the above-described combined and concurring negligence and/or wantonness of Defendants, the Plaintiff was made sick, sore and lame; she was bruised and contused over various portions of her body; she was caused to incur medical expenses for the treatment of her injuries and will be caused to incur additional medical expenses in the future; she was caused to suffer severe physical pain and mental anguish, still so suffers and will so suffer in the future; she was permanently injured.

45. All the above damages were directly and proximately caused by the aforementioned wantonness of the Defendant and were incurred without contributory negligence or assumption of the risk on the part of the Plaintiff. Plaintiff also did not have the opportunity to avoid this incident.

8

WHEREFORE, Plaintiff demands judgment against the Defendants, separately and severally, for compensatory damages and punitive damages, in excess of the jurisdictional requirements of this court, plus interest and costs.

**Done and respectfully submitted this 24th day of July 2024.**

    */s/ R. Andrew McKinney*
R. Andrew McKinney (MCK056)
Attorney for Plaintiff Nannie Davis

**OF COUNSEL:**
PEPPER & ODOM, P.C.
1929 3rd Ave N, Ste 600
Birmingham, Alabama 35203
T: 205-250-1107
TC: 205-994-6746
E: drew@pepperodom.com

PLEASE SERVE THE FOLLOWING BY CERTIFIED MAIL:

Buc-ee's, Ltd.
C/o Ct Corporation System
2 North Jackson Street, Suite 6
Montgomery, Al 36104

9



AlaFile E-Notice

01-CV-2024-902909.00

To: RALPH ANDREW MCKINNEY
    drew@pepperodom.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

NANNIE M DAVIS V. BUC-EE'S
01-CV-2024-902909.00

The following complaint was FILED on 7/24/2024 3:16:34 PM

Notice Date:    7/24/2024 3:16:34 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2024-902909.00

To: BUC-EE'S
C/O CT CORPORATION SYSTEM
2 NORTH JACKSON STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

NANNIE M DAVIS V. BUC-EE'S
01-CV-2024-902909.00

The following complaint was FILED on 7/24/2024 3:16:34 PM

Notice Date:   7/24/2024 3:16:34 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | **SUMMONS**<br>- CIVIL - | **Court Case Number**<br>01-CV-2024-902909.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**NANNIE M DAVIS V. BUC-EE'S**

**NOTICE TO:** BUC-EE'S, C/O CT CORPORATION SYSTEM 2 NORTH JACKSON STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), RALPH ANDREW MCKINNEY,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1929 THIRD AVENUE NORTH, SUITE 600, BIRMINGHAM, AL 35203.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

NANNIE M DAVIS
*[Name(s)]*

07/24/2024 — *(Date)*    /s/ JACQUELINE ANDERSON SMITH — *(Signature of Clerk)*    By: _____ *(Name)*

☑ Certified Mail is hereby requested.    /s/ RALPH ANDREW MCKINNEY
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ *(Date)*.

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____.
*(First and Last Name of Person Served)  (Name of County)  (Date)*

Document left:
☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)  (Name of County)  (Date)*

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Telephone Number of Designated Process Server)*



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
NANNIE M DAVIS V. BUC-EE'S

01-CV-2024-902909.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $10.20

Parties to be served by Certified Mail - Return Receipt Requested

BUC-EE'S                                                     Postage: $10.20
C/O CT CORPORATION SYSTEM
2 NORTH JACKSON STREET
MONTGOMERY, AL 36104


Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested


Parties to be served by First Class Mail

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BUC-EE'S
C/O CT CORPORATION SYSTEM
2 NORTH JACKSON STREET
MONTGOMERY, AL 36104

9590 9402 8914 4064 0499 28

2. Article Number (Transfer from service label)
9589 0710 5270 0704 6828 44

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

CV-24-902909

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

9589 0710 5270 0704 6828 44

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BUC-EE'S

C/O CT CORPORATION SYSTEM

2 NORTH JACKSON STREET

MONTGOMERY, AL 36104



9590 9402 8914 4064 0499 28

2. Article Number (Transfer from service label)

9589 0710 5270 0704 6828 44

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X [signature]   ☑ Agent
              ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
P Hanley                         7/29

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

CV-24-902909

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...Mail
☐ ...Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

USPS TRACKING #

MONTGOMERY AL 360

28 JUL 2024 PM 4 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 8914 4064 0499 28

United States Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box*

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
JUL 31 2024
JACQUELINE ANDERSON SMITH
CLERK

JACQUELINE ANDERSON SMITH, CLERK
ROOM 480 JEFF CO COURTHOUSE
716 RICHARD ARRINGTON JR BLVD., NO.
BIRMINGHAM, ALABAMA 35203



**SENDER: COMPLETE THIS SECTION** | **COMPLETE THIS SECTION ON DELIVERY**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _K. Miller_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name): Kristen Miller
C. Date of Delivery: 8-16-24

1. Article Addressed to:

BIRMINGHAM FIRE & RESCUE SERVICE
RECORDS CUSTODIAN
1808 7TH AVENUE N.
BIRMINGHAM, AL 35203

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

W3
CV-23 902909



9590 9402 8971 4064 3749 33

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...Mail
☐ ...Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

9589 0710 5270 0907 8330 05

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

**USPS TRACKING #**

BIRMINGHAM AL 350

AUG 2024 PM 6 L

9590 9402 8971 4064 3749 33

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK
ROOM 400 JEFF CO COURTHOUSE
716 RICHARD ARRINGTON JR BLVD., NO.
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
AUG 21 2024
JACQUELINE ANDERSON SMITH
CLERK